IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES A. HARPER,

                     Petitioner,                         OPINION AND ORDER

             v.                                 14-cv-371-wmc

L.C. WARD, Warden,
Federal Correctional Institution – Oxford,

                     Respondent.

Petitioner Charles A. Harper is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin (FCI–Oxford). Harper seeks a writ of habeas corpus to challenge the result of a prison disciplinary proceeding pursuant to 28 U.S.C. § 2241. Pending before the court is respondent's motion to dismiss the petition (dkt. # 5), to which Harper has filed a reply. After considering all of the pleadings and the applicable law, the court will grant the respondent's motion and dismiss the petition for reasons set forth below.

BACKGROUND

Harper is currently serving a sentence of 151 months' imprisonment as the result of his conviction for attempted manufacture of metcathinone in violation of 21 U.S.C. § 841(a)(1). *United States v. Harper*, 03-cr-238 (W.D. Mich. March 3, 2004). From March 8, 2012, through December 7, 2012, Harper participated in the Bureau of Prisons ("BOP") Residential Drug Abuse Program at FCI Oxford. In February 2013, Harper was transferred to the Community Alternative Program in Grand Rapids, Michigan, which is a

1

Residential Reentry Center or halfway house.   While at the halfway house, Harper began the Transitional Drug Abuse Treatment component of the BOP drug abuse program.   On May 21, 2013, Harper was required to provide a urine sample.   Staff at the Redwood Toxicology Laboratory determined that Harper's urine sample tested positive for THC (marijuana).   On May 24, 2013, Harper was charged in an incident report with using a narcotic (THC) not prescribed by medical staff in violation of prison rules.

On May 29, 2013, Harper told the BOP staff member assigned to investigate the incident report that he had not used marijuana.   Harper insisted that an error occurred during the collection process and that the urine specimen at issue was either tampered with or belonged to someone else.   The BOP investigator determined that Harper had sealed the urine analysis cup properly with identifying stickers that linked to his paperwork, which protected the specimen from being switched or tampered with.   The BOP investigator certified that he advised Harper of his rights and referred the matter to the Center Discipline Committee ("CDC").

Following a hearing on May 30, 2013, a Disciplinary Hearing Officer ("DHO") found Harper guilty as charged based on the documentary evidence, which showed that Harper placed and initialed the security seal on the specimen cup.   The DHO found that this linked Harper to the specimen ID on the chain-of-custody paperwork.   The DHO sanctioned Harper by forfeiting 41 days of previously earned good conduct time, 3 months of telephone privileges, and 3 months of visiting privileges.

On May 2, 2014, Harper attempted to appeal his disciplinary conviction through

the BOP Administrative Remedy Program.   That same day, the Regional Director rejected his appeal for various reasons, including the fact that the appeal was untimely. In that respect, Harper had waited more than 20 days after he received a copy of the DHO report.   Harper was informed that if he wanted to proceed with an appeal, then he needed to provide staff verification on BOP letterhead, explaining why the untimeliness was not his fault.   Harper failed to comply and made no other attempt to appeal.

On May 22, 2014, Harper filed the pending habeas corpus petition in this court, seeking relief from his prison disciplinary conviction.   Specifically, Harper argues that his conviction violates due process because the laboratory mishandled his specimen.   The respondent has answered with a motion to dismiss, arguing that Harper's petition fails because he did not exhaust administrative remedies as required before seeking federal habeas corpus relief.   Alternatively, the respondent argues that Harper's claim is without merit.

OPINION

The petitioner seeks judicial review under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"   Before seeking habeas relief in federal court pursuant to 28 U.S.C. § 2241, an inmate is required to exhaust administrative remedies.   *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).   The Seventh Circuit has found this exhaustion requirement justified by principles

of comity and judicial efficiency:

> The [exhaustion] rule . . . is based on the need to allow agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors. Th rule ensures that whatever judicial review is available will be informed and narrowed by the agencies' own decisions. It also avoids duplicative proceedings, and often the agency's ultimate decisions will obviate the need for judicial intervention.

*Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986). If a prisoner has failed to exhaust and the administrative process is now unavailable, his habeas claim is barred unless he can demonstrate cause and prejudice. *Id.* at 699.

The BOP's Administrative Remedy Program outlines the required administrative procedures for inmates to appeal issues relating to their confinement, including adverse disciplinary decisions. *See* 28 C.F.R. §§ 542.10-19. The Administrative Remedy Program consists of a three-tiered appellate review process involving the Warden, the Regional Director, and the General Counsel. 28 C.F.R. § 542.15(a).

Appeals from decisions by a DHO must be submitted initially to the Regional Director for the region where the inmate currently is located. 28 C.F.R. § 542.14(d)(2). The inmate has 20 days to appeal. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Regional Director's response, the inmate has 30 days to submit an appeal to the Office of General Counsel. 28 C.F.R. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

Harper does not dispute that he failed to file a timely appeal from his disciplinary conviction. Instead, Harper claims that he was unable to pursue an appeal within the time allowed because he was housed in a county jail, which lacked administrative remedy

4

forms from June 11, 2013 through August 13, 2013.  While this may explain Harper's initial delay, however, he offers no explanation for his decision to wait until May 2, 2014, to attempt an appeal.   Further, the record reflects that Harper was offered an opportunity to demonstrate that the untimeliness was not his fault, but did not even attempt to comply.

A petitioner "cannot simply opt out of the [administrative] review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Because Harper does not explain his lack of diligence, his allegations are insufficient to establish cause for his failure to exhaust available administrative remedies.   Accordingly, his petition is subject to dismissal under the doctrine of procedural default.

Even if Harper's failure to exhaust is excused, Harper cannot prevail because he fails to demonstrate a violation of his rights to due process.  To state a procedural due process claim, a prisoner must allege facts suggesting that he was deprived of a "liberty or property interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).   In the absence of a protected liberty or property interest, "the state is free to use any procedures it chooses, or no procedures at all."  *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).

In the prison context, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give

rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84.

To the extent Harper challenges the temporary loss of telephone or visitor privileges, these allegations do not implicate a liberty interest or state a claim upon which habeas corpus relief may be granted. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). In that respect, sanctions that result in more restrictive conditions of confinement, or limitations imposed on privileges granted in confinement, are the type of sanctions that do *not* pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 483-84.

To the extent Harper challenges the loss of 41 days of previously earned good-time credit, these allegations have some traction. Federal inmates have a liberty interest in their earned good-time credits. *Jackson v. Carlson*, 707 F.2d 943, 946-47 (7th Cir. 1983). Thus, they have limited due process rights before those credits can be revoked. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These rights require that prison officials to (1) give a prisoner advance notice of the disciplinary proceedings, (2) an opportunity to confront the charges and present evidence before an impartial decisionmaker, and (3) a written explanation of the decision that is supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Wolff*, 418 U.S. at 564. Harper concedes that he received advance notice of the disciplinary proceeding, an opportunity to confront his accusers and present evidence on his own behalf. Likewise,

6

Harper acknowledges that he received a written report of the hearing officer's decision.

Nevertheless, Harper argues that the sample must have been tampered with or mishandled by the Redwood Toxicology Laboratory because he did not use marijuana during his residency at the halfway house.  Whether or not this is true, the incident report, along with documentation from the urine testing process, meets the admittedly low, "some evidence" threshold in support of the hearing officer's conclusion that Harper's urine specimen tested positive for marijuana in violation of prison rules while he was a resident of the halfway house.  *See Hill*, 472 U.S. at 455; *see also Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (describing the "some evidence" standard as a "meager threshold" which, once crossed, ends the inquiry into the disciplinary decision's validity).

Apart from his conclusory allegations of mishandling by the laboratory, Harper also presents no *evidence* showing that his test results were suspect or that his disciplinary conviction was false.  In that respect, Harper fails to establish a credible claim of actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.").

Because there was at least some evidence to support the disciplinary hearing officer's decision in this instance, the requirements of due process are satisfied, respondent's motion must be granted and Harper's petition must be dismissed.  *See Wolff*, 418 U.S. at 564, 566.

ORDER

IT IS ORDERED that the respondent's motion to dismiss (dkt. # 5) is GRANTED

and the petition filed by Charles A. Harper is DISMISSED with prejudice.

Entered this 30th day of March, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

8